**Manuel KIMETLIAN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–74096.

Agency No. A78–750–366.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 10, 2003.*

Decided Nov. 20, 2003.

Asbet A. Issakhanian, Glendale, CA, for Petitioner.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Margaret K. Taylor, Office of Immigration Litigation, Washington, DC, Isaac R. Campbell, U.S. Dept. Justice, Washington, DC, for Respondent.

Before KOZINSKI, SILVERMAN, and TALLMAN, Circuit Judges.

MEMORANDUM**

Manuel Kimetlian, a native and citizen of Armenia, petitions for review of the decision of the Board of Immigration Appeals ("BIA") summarily affirming an Immigration Judge's ("IJ") order of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the decision to deny a continuance for clear abuse of discretion. *See Gonzalez v. INS*, 82 F.3d 903, 908 (9th Cir.1996). We deny the petition.

Kimetlian appeared for his removal hearing with counsel, but without a completed asylum application. The IJ granted a two-month continuance, warning Kimetlian and his attorney that if he failed to submit an application at the continued hearing, he would be deemed to have abandoned any claim to asylum. When Kimetlian appeared at the continued hearing with a new attorney and still no completed asylum application, the IJ denied a further continuance and ordered Kimetlian removed. In light of Kimetlian's lack of diligence and the inconvenience to the immigration court of prolonging his case, the IJ did not abuse his discretion by denying the continuance. *See id.; cf. Baires v. INS*, 856 F.2d 89, 92–93 (9th Cir.1988).

Kimetlian contends that he did not file an asylum application at the continued hearing because he could not properly communicate with his prior attorney due to language problems. Even if Kimetlian's responsibility to file an asylum application was not made clear to him by his attorney, an Armenian interpreter was present at

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

the prior hearing, and Kimetlian has not shown that better translation would have made a difference in the outcome of the hearing. *See Acewicz v. INS,* 984 F.2d 1056, 1063 (9th Cir.1993).

Contrary to Kimetlian's contention, he had no other pending applications for relief upon which the IJ could rule.

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.